UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DICKIE COLWELL,

    Plaintiff,

Case No. 11-cv-15586

HONORABLE STEPHEN J. MURPHY, III

v.

CORIZON HEALTHCARE, et al.,

    Defendants.

    _____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL OF COMPLAINT AS TO CERTAIN DEFENDANTS AND DIRECTING SERVICE UPON REMAINING DEFENDANTS

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Dickie Colwell, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, alleges that he was denied proper medical care and denied due process during a grievance process while confined at the Cotton Correctional Facility. Plaintiff names as defendants Corizon Healthcare ("Corizon"); Rich Hallworth, Corizon's Chief Executive Officer; Adam Edelman, an employee of Corizon Healthcare of Michigan; Megan J. Dziedzic, Bureau of Heathcare Services (BHS) dietician; Laura Kinder, BHS administrative assistant; Dan Heyns, Director of the Michigan Department of Corrections (MDOC); Debra Scutt, Warden of the Cotton Correctional Facility; Mr. McMillan, grievance coordinator at the Cotton Correctional Facility; M. Creger and Mary Wilson, nurses at the Cotton Correctional Facility; and "John Doe," an employee of the BHS, who reviewed and denied Colwell's "Step III" grievance appeal.

Colwell seeks declaratory and injunctive relief, as well as compensatory and punitive damages. The Court has granted Colwell leave to proceed without prepayment of the fees and costs for this action. See 28 U.S.C. § 1915(a)(1).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does require not require "detailed factual allegations," it requires more than "an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court may dismiss sua sponte an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court also must dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts that establish (1) he was deprived of a right secured by the federal Constitution or laws of the United States,

and (2) the deprivation was caused by a person acting under color of state law. *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Despite this liberal pleading standard, the Court finds that a portion of Colwell's complaint is subject to summary dismissal. Specifically, Colwell's claims against defendants McMillan, Scutt, Heyns, Creger, Wilson, Kinder, and "John Doe" must be dismissed. Colwell's claims concerning these defendants are as follows: McMillan failed to expedite plaintiff's "Step I" grievance; Scutt ignored two kites and a detailed letter from Colwell detailing his medical needs; Heyns ignored a letter from Colwell detailing Colwell's serious medical needs; Creger denied Colwell's "Step I" grievance; Wilson upheld the denial of the "Step I" grievance; Kinder denied Colwell's "Step II" grievance; and "John Doe" denied Colwell's "Step III" grievance.

Colwell has failed to allege facts demonstrating the personal involvement of these defendants in the alleged denial of medical care. A civil rights plaintiff must allege that a defendant was personally involved in depriving the plaintiff's federal rights to state a claim under 42 U.S.C. § 1983. *See, e.g.*, *Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691–92 (1978) (holding that § 1983 liability cannot be based upon a theory of respondeat superior); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (requiring plaintiff to allege facts showing that the defendant participated, condoned, encouraged, or implicitly authorized alleged misconduct to establish liability). Colwell has not so alleged with respect to defendants McMillan, Scutt, Heyns, Creger, Wilson, Kinder, and "John Doe." Any assertion that those defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying Colwell's complaints, or did not properly respond to the situation is insufficient to state a claim under § 1983. *See, e.g.*, *Shehee*, 199

F.3d at 300 (finding that section 1983 liability cannot be premised on denial of administrative grievances or failure to act); *see also Martin v. Harvey*, 14 F. App'x. 307, 309 (6th Cir. 2001) (recognizing that denial of grievance is not the same as denial of medical care). Plaintiff's Eighth Amendment claims against defendants McMillan, Scutt, Heyns, Creger, Wilson, Kinder, and "John Doe" must therefore be dismissed.

Colwell has also failed to allege or establish facts showing a due process violation as to any defendant. A prisoner's dissatisfaction with responses to his complaints or grievances does not give rise to a claim under the Civil Rights Act. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766–67 (E.D. Mich.2009); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"). Plaintiff's due process claims against defendants McMillan, Scutt, and Heyns, therefore, must also`be dismissed.

Having reviewed the complaint, and given the pleading standard for pro se actions, the Court will allow Colwell's claims alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment to proceed for further development as to defendants Hallworth, Edelman, Dziedzic, and Corizon. In permitting these claims to proceed, the Court passes no judgment on their ultimate outcome. Service of the complaint upon defendants Hallworth, Edelman, Dziedzic, and Corizon will therefore be directed.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants McMillan, Scutt, Heyns, Creger, Wilson, Kinder, and "John Doe."

**WHEREFORE**, it is hereby **ORDERED** that the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against defendants McMillan, Scutt, Heyns, Creger, Wilson, Kinder, and "John Doe" pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Because no claims remain against McMillan, Scutt, Heyns, Creger, Wilson, Kinder, or "John Doe," the Clerk of the Court is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that a copy of the complaint and a copy of this Order be served upon Defendants Hallworth, Edelman, Dziedzic, and Corizon by the United States Marshal without prepayment of costs, because the medical care claims against these defendants are not subject to summary dismissal.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        Stephen J. Murphy, III
        United States District Judge

Dated:  March 5, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2012, by electronic and/or ordinary mail.

        s/Carol Cohron
        Case Manager